Amilcar GUILLOTY–PEREZ,
Plaintiff, Appellee,

v.

Jose FUENTES–AGOSTINI,
et al., Defendants.

Pedro J. Pierluisi and Lydia Morales,
Defendants, Appellants.

No. 99–1317.

United States Court of Appeals,
First Circuit.

Submitted Nov. 2, 1999.

Decided Nov. 19, 1999.

Roberto Márquez–Sánchez and Law Offices of Benjamin Acosta, Jr. on brief for appellants.

Irma R. Valldejuli on brief for appellee.

Before Lynch, Circuit Judge, Campbell, Senior Circuit Judge, and O'Toole, District Judge.[*]

LYNCH, Circuit Judge.

This appeal arises from a § 1983 suit filed by Amilcar Guilloty–Perez in which he alleged that he was subjected to adverse employment actions in retaliation for exercising his First Amendment rights to complain about public mismanagement and corruption. Guilloty–Perez claimed that various individuals at the Special Investigations Bureau of the Puerto Rico Department of Justice (SIB), where he was employed as a special agent, responded to his reports of operational irregularities (including his being a source for news articles about the SIB's poor handling of a drug investigation) by retaliating and punishing him. They did this by issuing negative performance evaluations, lodging disciplinary complaints against him, refusing to give him status as a permanent employee, and taking other actions. Three of the defendants, José Fuentes–Agostini, Lydia Morales, and Pedro Pierluisi, filed a motion for summary judgment on qualified

* Of the District of Massachusetts, sitting by designation.

immunity and other grounds. Morales is the former director of the SIB; Pierluisi is the former Secretary of Justice. The district court granted the motion as to Fuentes–Agostini, the Commonwealth's present Secretary of Justice, but denied it as to the other defendants. Morales and Pierluisi appeal the qualified immunity portion of the district court's denial of summary judgment.

 We have no jurisdiction to hear this appeal. The district court denied summary judgment on qualified immunity grounds because there were material "factual issues both as to the nature of the involvement of Morales and Pierluisi, as well as their motivations for their involvement." At least facially, this brings the appeal within the rule that "a district court's pretrial rejection of a qualified immunity defense is not immediately appealable to the extent that it turns on either an issue of fact or an issue perceived by the trial court to be an issue of fact." *Stella v. Kelley*, 63 F.3d 71, 74 (1st Cir.1995). In this case, the district court's decision was based on the existence of genuine issues of material fact concerning the actions and motives of the defendants, what government interests were served by how the SIB handled these matters, and whether the SIB would have taken the same actions irrespective of plaintiff's speech. Further, the court found the evidence sufficient to raise an inference as to defendants' personal involvement or at least acquiescence in retaliatory activities. These issues are relevant to a First Amendment retaliation claim. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Stella*, 63 F.3d at 74–75.

The defendants' argument that *Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996), authorizes this appeal is to no avail. *Behrens* allowed for interlocutory appeals from denials of summary judgment only where the district court "determines that certain conduct attributed to a defendant, if proven, will

suffice to show a violation of clearly established law." *Diaz v. Diaz Martinez*, 112 F.3d 1, 3 (1st Cir.1997). That was clearly not the basis for the holding of the district court in denying summary judgment.

Because we have no jurisdiction, we *dismiss* the appeal.